C/M

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ NOV 03 2016 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GLADYS COLEMAN,

                Plaintiff,

-against-

DETECTIVE ORTIZ,

                Defendant.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
**16 CV 1184 (BMC)(LB)**

SEE ENDORSED ORDER LAST PAGE

**BLOOM, United States Magistrate Judge:**

This case has been referred to me for all pretrial purposes. *Pro se* plaintiff has failed to appear at two Court-ordered conferences in this matter and has not contacted the Court or defendants' counsel to request an adjournment or to explain her absences. Accordingly, it is respectfully recommended that plaintiff's action should be dismissed pursuant to Rules 16(f) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure.

## BACKGROUND

Plaintiff filed this civil rights action on February 22, 2016 alleging that New York City Police Detective Felix Ortiz violated her constitutional rights. (ECF No. 2.) On August 17, 2016, defendant Ortiz filed his answer to the complaint and the Court, on August 18, 2016, scheduled an initial conference for October 4, 2016. (ECF No. 18.) On October 4, 2016, the Court held the conference; however, plaintiff failed to appear and failed to contact the Court to request an adjournment of the conference. Defendant's counsel appeared on time and was prepared to proceed.

In an abundance of caution, the Court reset the initial conference for November 3, 2016 and explicitly warned plaintiff that if she failed to timely appear that the Court would recommend dismissal of her action pursuant to Rule 16(f) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure. (ECF No. 20.) Plaintiff failed to appear for the November 3, 2016 conference. Again, plaintiff failed to contact the Court or defendant's counsel to request an adjournment.

## DISCUSSION

"[A]ll litigants, including *pro ses*, have an obligation to comply with court orders," and to diligently advance their case; failure to do either may result in dismissal of the action. Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009). Rule 16(f) of the Federal Rules of Civil Procedure provides: "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A),(C). Under Rule 37(b)(2)(A)(v), the Court may dismiss the complaint for a party's failure to comply with a Court order. Fed. R. Civ. P. 37(b)(2)(A) ("[T]he court where the action is pending may issue further just orders . . . includ[ing] the following: . . . (v) dismissing the action or proceeding in whole or in part."). The sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994).

Plaintiff has failed to appear at two Court-ordered conferences. When plaintiff failed to appear for the October 4, 2016 conference, the Court scheduled another conference to give plaintiff one last chance. Plaintiff was explicitly warned that if she failed to timely appear on November 3, 2016, the case would be dismissed. Despite this warning, plaintiff failed to appear for the conference. The Court need not afford plaintiff unlimited opportunities to appear in this action which she has apparently abandoned. No lesser sanction than dismissal is appropriate under these circumstances.

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiff's action should be dismissed pursuant to Rules 16(f) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the

parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/ Judge Lois Bloom
_____
LOIS BLOOM
United States Magistrate Judge

Dated: November 3, 2016
      Brooklyn, New York

No objections have been received. The Court has reviewed this Report and Recommendation and for the reasons stated, adopts it as the Order of this Court. The case is dismissed.
SO ORDERED: 12/5/16

_____
U.S.D.J.